# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**MICHAEL RAY EKES,**

**Plaintiff,**

v.    Case No: 5:20-cv-200-GKS-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

## ORDER

THIS CAUSE comes before the Court upon the Report and Recommendation of the United States Magistrate Judge, (Doc. 35), recommending that the Complaint in this case be dismissed. No objections have been filed to the Report and Recommendation.

On February 11, 2021, Defendant, the Commissioner of Social Security (Commissioner), filed a Motion to Dismiss Plaintiff's Complaint (Doc. 30), pursuant to Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure based upon Plaintiff Michael Ray Ekes' failure to exhaust his administrative remedies in challenging the Supplemental Security Income (SSI) overpayment assessed by the

agency, or in seeking a waiver of the overpaid amount.[1] The Commissioner also filed a Declaration made under oath by Jay Yu, Social Insurance Specialist for the Supplemental Security Income (SSI) Team in the Atlanta Regional Office of the Social Security Administration on February 11, 2021, (Doc. 31) stating that

> 7. Agency records reflect that the agency had recovered $3,498.20 of the overpayment through monthly SSI withholdings beginning in November 2013.
> 8. <u>On November 25, 2019, the agency received Mr. Ekes's Request for Waiver of Overpayment Recovery</u> (Form A-632-BK) (Exhibit B). <u>The agency has ceased withholding any portion of Mr. Ekes's SSI for repayment of the overpayment during the pendency of his waiver request.</u> The agency also <u>refunded $2,382 of the amount previously withheld in January 2021.</u>
> 9. Currently, <u>the waiver is pending</u> at Mr. Ekes's local Field Office. The agency has not yet made an initial determination on his waiver request.

Declaration of Jay Yu, Doc. 31, ¶¶ 7-9 (emphasis added).

Thereafter, on February 25, 2021, Mr. Ekes filed documents "to defend the case I have against social security commissioner with some of my evidence to prove my innocence and their guilt." (Doc. 33). The Commissioner filed a Response to Plaintiff's Supplement to Complaint (Doc. 34).[2]

---

[1] Plaintiff attached to his Complaint *inter alia* a letter from the Social Security Administration dated August 14, 2013, stating "Our records show that you were in a public institution and Medicaid did not pay more than half the cost of your care for the months between 09/12 and 07/13," as well as Florida Department of Corrections records.

[2] The Court notes that the Report and Recommendation did not refer to Document 34. The Commissioner did not seek leave to file a Reply. Revised Local Rue, 3.01(d).

2

> A party may challenge subject-matter jurisdiction under Rule 12(b)(1) by either a facial attack or a factual attack. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction, and the allegations in his complaint are taken as true . . . ." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (internal quotation marks and brackets omitted). <u>In a factual attack, the court may consider facts outside the pleading and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."</u> *Id.* (internal citation omitted). A factual controversy therefore does not itself defeat a motion to dismiss under Rule 12(b)(1). *See id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Lack of jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). <u>"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."</u> *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

*Woody v. SSA, Comm'r*, 2:17-cv-00140-LSC, 2019 U.S. Dist. LEXIS 151216, *6, 2019 WL 4202002 (N.D. Ala. September 5, 2019) (emphasis added).

The Magistrate Judge explained the required administrative procedures.

> [T]here are several administrative steps necessary before Plaintiff could request judicial review of his waiver request. As Defendant explains, Plaintiff would need to receive an initial determination, seek reconsideration, receive a reconsideration decision, request a hearing before an Administrative Law Judge (ALJ), receive an

3

> ALJ[1] decision, request review of the ALJ's decision with the Appeals Council, and then receive either a denial of review or a decision from the Appeals Council. *See* 20 C.F.R. §§ 416.1405, 416.1421, 416.1429, 416.1467, 416.1481, 422.210 (a), (c). It is undisputed that *pro se* Plaintiff has not taken these steps and <u>completed</u> the administrative review process as to the agency's overpayment decision or his request for a waiver. Further, Defendant has submitted an affidavit establishing that there is no record of documents suggesting that Plaintiff attempted to satisfy his administrative remedies. (Doc. 31).
>
> Further, there is no appropriate basis to excuse Plaintiff's failure to exhaust the remedies. Plaintiff did not raise a colorable constitutional claim or allege any other basis for this Court to excuse exhaustion. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977).
>
> Significantly, Plaintiff does not directly dispute that he failed to exhaust his administrative remedies."

(Doc. 35, pp. 1-2) (emphasis added). In addition, Defendant has submitted a Declaration establishing that the agency has no record of documents suggesting that Plaintiff attempted to satisfy his administrative remedies. (Doc. 31).

In this case, Plaintiff did not exhaust his administrative remedies. Thus, in the absence of a final decision, Plaintiff is not entitled to seek judicial review of the agency's determination. *See* 42 U.S.C. § 405(g). In accordance with Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, the Complaint is dismissed without prejudice[3] based upon lack of subject matter jurisdiction.

---

[3] Dismissal for lack of subject matter jurisdiction is not a judgment on the merits. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir.

Following review and consideration of the Report and Recommendation (Doc. 35), it is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Philip R. Lammens's Report and Recommendation (Doc. 35) is **APPROVED** and **ADOPTED** and is made part of this Order for all purposes, including appellate review.

2. Defendant Commissioner's Motion to Dismiss Plaintiff's Complaint is **GRANTED** (Doc.30).

3. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly, **TERMINATE** all pending motions, and **CLOSE** the case.

**DONE AND ORDERED** at Orlando, Florida, this ___23___ day of April, 2021.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Unrepresented Parties

---

2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (citation omitted)).